## FRENCH *v.* BENT.

Where, by a contract under seal, executed by the plaintiff and the defendant, the latter covenants that, upon the payment of $1700 in the manner and at the times therein set forth, he will convey to the plaintiff certain real estate, excepting the wood and timber upon a specified part,—and the plaintiff covenants that as part payment of the $1700 he will cut and carry the wood for the defendant to places and at prices fixed by the contract,—there is an implied covenant on the part of the defendant to permit the plaintiff thus to cut and carry the wood.

If before the expiration of the time fixed for the cutting and carrying of the wood by the plaintiff the defendant prevents him from so doing by a sale of it, this will be a breach of the implied covenant, such as will give the plaintiff an immediate right of action.

In such case the plaintiff might treat his readiness to cut and carry the wood according to his covenant as equivalent to performance of the covenant; and such a breach of his implied covenant by the defendant is not a breach of his covenant to convey.

In an action upon the implied covenant in such case, the plaintiff, if he has not performed the other condition precedent to a conveyance by the defendant, and shows no special damage, will be entitled to nominal damages only.

COVENANT. The declaration and contract declared on were made part of the case. By the contract, which was dated March 20, 1854, and signed and sealed by the plaintiff and defendant, the latter covenanted that, on the payment by the plaintiff of $1700 in the manner and at the times therein set forth, he would convey to the plaintiff by warrantee deed, with the reservations set forth in the contract, the Woods farm, in three years from April 1, 1854, saving and excepting all the wood and timber on a specified wood lot, with the right to enter and remove the same, and the warranty not extending to the balance due on a mortgage of the farm from the defendant to one Woods; and gave the plaintiff liberty to use and occupy the farm for three years from said 1st day of April, on the conditions contained in the contract, reserving to the defendant the liberty to enter upon said wood lot for the purpose of cutting and removing the timber; and the plaintiff covenanted that he would, as part payment of the purchase money, on the signing of the contract, pay the defendant two hundred dollars, and cut from the wood-lot, for the defendant, at least one hundred cords of wood, between then and January 1, 1855, and carry the same before April 1, 1855, to either of certain places, as the defendant should elect, at stipulated prices, and also cut and carry therefrom, on the same terms and to the same places, two hundred cords, before April 1, 1856, and the residue of the wood before April 1, 1857; and it was provided that the money due from the defendant to the plaintiff therefor should be retained by the defendant as part payment for the farm, and be appropriated by him to the discharge of the Woods mortgage, after retaining his dues over and above the mortgage; and the plaintiff also covenanted that on the expiration of the three years from April 1, 1854, he would pay to the defendant such balance as should remain due for the purchase money, or would assume the payment of the balance due upon the mortgage, and discharge the defendant therefrom; and that he would carry on the farm, in a husbandlike manner, &c.; and would pay all taxes, &c., and also the interest on the mortgage for three years from

April 1, 1854; and that if he should fail to perform these conditions he would leave the farm on the breach of any of them, and would not demand or sue for any of the money so paid or services rendered as purchase money as aforesaid.

The declaration laid as breaches,—that the defendant, though requested, had not permitted the plaintiff to cut and carry the wood in part payment of the purchase money, but had prevented him from so doing, and had sold the wood to the Fitchburg Railroad, &c.; also, that the defendant, though requested, and notwithstanding three years from April 1, 1854, had elapsed, had not conveyed to the plaintiff the farm, &c.

On the trial, evidence was offered by the plaintiff to show that the defendant, in the fall of 1854, sold the wood mentioned in the contract, and thereby prevented the plaintiff from cutting and drawing it toward payment for the farm, as provided in the contract; and on that account the plaintiff claimed to sustain this action. But the evidence in the case also showed, and it was admitted by the plaintiff, that notwithstanding the sale, he continued to occupy the farm under the contract until very near the expiration of the three years, without any payment in addition to the two hundred dollars paid at the time of making the contract, toward the farm, and without any offer or readiness on his part to pay any thing further toward it; and that no demand or request for a conveyance was ever made by him at any time before the commencement of this suit, but he left the farm of his own accord without any notice to the defendant, or communication with him about the farm. The defendant, therefore, moved for a nonsuit, which the court refused to grant. But the court instructed the jury that notwithstanding these circumstances, if the defendant, by a sale of the wood without the assent of the plaintiff, prevented him from cutting and drawing it toward payment for the farm as provided in the contract, he was liable in this action. And further, that if they found the defendant liable, the damages would be as for a breach of the covenant to convey, whatever had been paid toward the farm, less a reasonable deduction for the use of the farm while occupied by the plaintiff; to which rulings the defendant excepted.

For error in these rulings and instructions the defendant moved that the verdict returned for the plaintiff be set aside, and a nonsuit or new trial be ordered.

*Minot & Mugridge*, for the defendant.

*Morrison, Stanley & Clark*, for the plaintiff.

BARTLETT, J. The case raises the question of variance or of the sufficiency of the declaration. The sealed instrument and the evidence as to the sale of the wood in the fall of 1854 seem sufficient to sustain the alleged breach in not permitting the plaintiff to cut and carry the wood; and whether the covenant is set out with technical accuracy we need not inquire. We think that a

covenant to permit the plaintiff to cut and carry the wood, in the manner set forth in the contract, is implied, because otherwise the express covenants would be deprived of their full and beneficial operation ; Platt on Cov. 55 ; *Wood* v. *Governor*, 7 C. B. 906 ; and that the sale of the wood by the defendant was a breach of this implied covenant ; *Lovering* v. *Lovering*, 13 N. H. 513 ; and such a breach as gave the plaintiff an immediate right of action. Chit. Cont. 799, 808, n. ; *Lamoreux* v. *Rolfe*, 36 N. H. 36 ; *Putnam* v. *Mellen*, 34 N. H. 79 ; *Sumner* v. *Parker*, 36 N. H. 454 ; 1 Saund. 320, n, 1. The motion for a nonsuit was, therefore, properly denied.

But a breach of this covenant was not a breach of the entire contract by the defendant, for the plaintiff might have treated his readiness to cut and carry the wood as equivalent to a performance of that covenant on his part. Chit. Cont. 809 ; Platt on Cov. 105 ; *Clement* v. *Clement*, 8 N. H. 214 ; *Weld* v. *Hadley*, 1 N. H. 295 ; *Lord* v. *Tyler*, 14 Pick. 156. A breach of the covenant to convey was therefore neither the necessary nor the natural consequence of this violation of the implied covenant by the defendant, and the plaintiff was not disabled from completing the agreement on his part. As no breach of the covenant to convey was shown, we need not inquire whether the rule of damages for a breach of such a covenant was correctly stated. If these views are correct, neither loss of the conveyance nor of the part of the purchase money paid by the plaintiff was a consequence of the defendant's sale of the wood, and therefore the measure of damages was incorrectly given to the jury. The plaintiff would be entitled to recover the damages that necessarily result from a breach of the implied contract, which would seem ordinarily to be the loss of profits on the work, and also any other damages naturally resulting from such breach, if properly alleged. But in the present case, as he could treat his readiness to perform as equivalent to performance, no such loss of profits was necessarily or naturally consequent upon the plaintiff's refusal to permit him to cut and carry the wood ; and as no other damages are shown, the plaintiff, as the case now stands, is entitled to nominal damages only. The plaintiff might have entitled himself to a conveyance by fulfilling his other covenants, treating the one as to the cutting and carrying of the wood as fully performed, or he might at the proper time have rescinded the whole contract and recovered the money that he had paid, and the value of the labor which he had performed in cutting and carrying the wood ; but he has done neither. As no question of rescission of contract arises here, we have not considered whether the plaintiff had waived his right to rescind. The verdict must be set aside and a

*New trial granted.*